James A. Hayes, Jr., State Bar No. 162860
Zinser | Hayes
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Tel: (949) 566-8505
Email: jhayes@zinserhayes.com

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| In re | Case No.: 19-512 |
|---|---|
| ISHA DEEN | Chapter 13 |
| Debtor. | **REPLY BY CREDITOR FITZGERALD YAP KREDITOR, LLP TO DEBTOR ISHA DEEN'S BRIEF RE INTEREST ON CREDITOR'S CLAIM** |

Creditor **FITZGERALD YAP KREDITOR, LLP** ("FYP") hereby replies to the brief filed by Debtor **ISHA DEEN** ("Debtor") as instructed by the Court in its minute order dated January 16, 2020 to respond to the issue of whether interest continued to accrue on FYP's claim for unpaid attorney's after Debtor instituted arbitration under the State Bar Mandatory Fee Arbitration Program ("State Bar MFA") at the end of August 2017.  FYK represents as follows:

## INTRODUCTION

The Chapter 13 Trustee ("Trustee's") Objection to Confirmation of Debtor's Chapter 13 Plan and Motion to Dismiss came before the Court for hearing on January 15, 2020.  The Trustee's grounds for dismissing Debtor Chapter 13 case was based on the fact that FYK's Proof of Claim filed on December 6, 2019 (Claim No. 1) in the amount of $526,897.14 on its face exceeds the Chapter 13 unsecured debt limit of $419,275.00 set forth in 11 U.S.C. § 109(e), since FYK's claim is unsecured, liquidated, and noncontingent.

**REPLY BY CREDITOR FITZGERALD YAP KREDITOR, LLP TO DEBTOR ISHA DEEN'S BRIEF**

1

During oral argument at the hearing, Debtor's counsel, for the first time, raised the issue that the interest charges documented in the complete billing statements and accounting log attached to FYP's Proof of Claim was stayed from accruing since August 2017 when Debtor filed for State Bar MFA. Debtor did *not* raise this issue in her Opposition to Chapter 13 Trustee's Motion to Dismiss filed on January 8, 2020. At the hearing, Debtor's counsel did not provide the Court with any legal authority for her contention that accrual of interest on FYK's claim was automatically stayed on account of Debtor's State Bar MFA filing. Nevertheless, the Court continued the hearing to allow Debtor and FYK to brief the issue Debtor's counsel spontaneously raised.

## QUESTION PRESENTED

In its January 16, 2020 minute order after the hearing, the Court instructed the parties to brief the following specific issue:

"Whether interest [on FYK's claim] continued to accrue after [State Bar MFA] was instituted at the end of August 2017."

## DISCUSSION

**Accrual of Interest on Unpaid Attorney's Fees is Not Stayed by the State Statutes Establishing and Governing the State Bar MFA**

Interest legally continued to accrue on FYK's claim for unpaid attorney's fees notwithstanding Debtor's petition for State Bar MFA. There is no provision in the State Bar MFA's enabling statute, *California Business & Professions Code* §§ 6200, et seq. ("B & Code") imposing an "automatic stay" on the accrual of interest on an attorney's fees claim being arbitrated[1].

---

[1] The California Legislature would likely not have constitutional authority to enact such a stay, which would violate the "Contract Clause" (U.S. Constit. art. I, section 10, cl. 1) and trespass on the "Bankruptcy Clause" (U.S. Constit., art. 1, section 8, cl. 4).

**REPLY BY CREDITOR FITZGERALD YAP KREDITOR, LLP TO DEBTOR ISHA DEEN'S BRIEF**

2

For the Court's convenience, a full copy of B & P Code §§ 6200, et seq. is attached as Exhibit 1.

To the contrary, B & P § 6200(c) provides that the State Bar MFA can address "all disputes concerning fees, costs, or both," interest being an arbitrable cost.

Debtor cites B & P § 6201(c) as "staying" the accrual of interest on attorney's fees after commencement of State Bar MFA, but Debtor badly misconstrues the statute. B & P § 6201(c) provides in relevant part:

> "Upon filing and service of a request for arbitration, the action
>  or other proceeding shall be automatically stay until the award
> of the arbitrators is issued . . ."

The "action or other proceeding" does not refer, as Debtor contends, to the accrual of interest, but to the previous section, B & P § 6201(b), which references the commencement by the client of "an action in any court or any other proceeding." Obviously, accrual of interest is a not a court action or proceeding.

Debtor has cited no statutory or legal authority for her proposition that interest on FYK's claim was stayed on account of her State Bar MFA filing, and in fact, none exists. FYK has an unsecured, liquidated, and noncontingent claim in the amount of $526,897.14 at the time of the filing of Debtor's Chapter 13 petition.

**The Court's Question Presented Is Now Moot On Account of the State Bar MFA Presiding Arbitrator Dismissing Debtor's State Bar MFA On January 23, 2020.**

Since the time of the hearing on the Trustee's Motion to Dismiss, the State Bar MFA Presiding Arbitrator dismissed Debtor's MFA for want of jurisdiction, on account of Debtor filing an action for malpractice against FYK in Orange County Superior Court, Case No. 30-2018-01022313 ("State Court Litigation") on September 28, 2018, more than a year after filing her State Bar MFA Case and more than a year

before filing her Chapter 13 case. (See attached Exhibit 2 – Order Denying Request for State Bar Mandatory Fee Arbitration Jurisdiction). Debtor's State Court Litigation remains pending.

By filing the State Court Litigation after filing for State Bar MFA, Debtor waived her MFA case pursuant to B & P § 6201(d). Consequently, the Court's question presented as to whether Debtor's State Bar MFA stayed the accrual interest on FYK's is moot because Debtor no longer has a State Bar MFA case against FYK pending.

## CONCLUSION

FYK'S claim in this case is unsecured, liquidated, and noncontingent, and it exceeds the Chapter 13 jurisdictional debt limits of 11 U.S.C. § 109(e). Accordingly, Debtor's Chapter 13 case should be dismissed as requested by the Chapter 13 Trustee.

Respectfully submitted,

DATED: February 6, 2020          By: /s/James A. Hayes, Jr.
                                      JAMES A. HAYES, JR.
                                      Declarant

**REPLY BY CREDITOR FITZGERALD YAP KREDITOR, LLP TO DEBTOR ISHA DEEN'S BRIEF**

CSD 3010 [07/01/18]
Name, Address, Telephone No. & I.D. No.

James A. Hayes, Jr., State Bar No. 162860
Zinser | Hayes
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Tel: (949) 566-8505
Email: jhayes@zinserhayes.com

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
ISHA DEEN

Debtor.

BANKRUPTCY NO. 19-05815-CL

Plaintiff(s)

ADVERSARY NO.

v.

Defendant(s)

# PROOF OF SERVICE

I, __James A. Hayes, Jr.__ am a resident of the State of California, over the age of 18 years, and not a party to this action.

On __February 6, 2020__, I served the following documents:

REPLY BY CREDITOR FITZGERALD YAP KREDITOR, LLP TO DEBTOR ISHA DEEN'S BRIEF RE INTEREST ON CREDITOR'S CLAIM

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF")**:

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On __February 6, 2020__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

Deepalie Milie Joshi    joshilawgroup@gmail.com
Robert Zahradka    caecf@tblaw.com

☐ Chapter 7 Trustee:

☒ For Chpt. 7, 11, & 12 cases:
UNITED STATES TRUSTEE
ustp.region15@usdoj.gov

☒ For ODD numbered Chapter 13 cases:
THOMAS H. BILLINGSLEA, JR., TRUSTEE
Billingslea@thb.coxatwork.com

☐ For EVEN numbered Chapter 13 cases:
DAVID L. SKELTON, TRUSTEE
admin@ch13.sdcoxmail.com
dskelton13@ecf.epiqsystems.com

CSD 3010

CSD 3010 [07/01/18] (Page 2)

2. **Served by United States Mail**:

On _____ , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

3. **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under Fed.R.Civ.P.5 and controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on   February 6, 2020              /s/James A. Hayes, Jr,, James A. Hayes, Jr.
                    (Date)                              (Typed Name and Signature)

                                                        Zinser | Hayes, 23 Corporate Plaza, Suite 150
                                                        (Address)

                                                        Newport Beach, CA 92660
                                                        (City, State, ZIP Code)

CSD 3010