# EXHIBIT 1

 

**Up^**    **Add To My Favorites**

**BUSINESS AND PROFESSIONS CODE - BPC**

**DIVISION 3. PROFESSIONS AND VOCATIONS GENERALLY [5000 - 9998.11]**  ( Heading of Division 3 added by Stats. 19... 30. )

**CHAPTER 4. Attorneys [6000 - 6243]**  ( Chapter 4 added by Stats. 1939, Ch. 34. )

**ARTICLE 13. Arbitration of Attorney's Fees [6200 - 6206]**  ( Article 13 added by Stats. 1978, Ch. 719. )

**6200.**  (a) The board of trustees shall, by rule, establish, maintain, and administer a system and procedure for t... arbitration, and may establish, maintain, and administer a system and procedure for mediation of disputes conc... fees, costs, or both, charged for professional services by licensees of the State Bar or by members of the bar of ... jurisdictions. The rules may include provision for a filing fee in the amount as the board may, from time to time, determine.

(b) This article shall not apply to any of the following:

(1) Disputes where a licensee of the State Bar of California is also admitted to practice in another jurisdiction or ... an attorney is only admitted to practice in another jurisdiction, and he or she maintains no office in the State of ... California, and no material portion of the services were rendered in the State of California.

(2) Claims for affirmative relief against the attorney for damages or otherwise based upon alleged malpractice o... professional misconduct, except as provided in subdivision (a) of Section 6203.

(3) Disputes where the fee or cost to be paid by the client or on his or her behalf has been determined pursuan... statute or court order.

(c) Unless the client has agreed in writing to arbitration under this article of all disputes concerning fees, costs, ... both, arbitration under this article shall be voluntary for a client and shall be mandatory for an attorney if comm... by a client. Mediation under this article shall be voluntary for an attorney and a client.

(d) The board of trustees shall adopt rules to allow arbitration and mediation of attorney fee and cost disputes ... this article to proceed under arbitration and mediation systems sponsored by local bar associations in this state ... of procedure promulgated by local bar associations are subject to review by the board or a committee designate... the board to ensure that they provide for a fair, impartial, and speedy hearing and award.

(e) In adopting or reviewing rules of arbitration under this section, the board shall provide that the panel shall i... one attorney member whose area of practice is either, at the option of the client, civil law, if the attorney's ... representation involved civil law, or criminal law, if the attorney's representation involved criminal law, as follo...

(1) If the panel is composed of three members the panel shall include one attorney member whose area of prac... either, at the option of the client, civil or criminal law, and shall include one lay member.

(2) If the panel is composed of one member, that member shall be an attorney whose area of practice is either, ... option of the client, civil or criminal law.

(f) In any arbitration or mediation conducted pursuant to this article by the State Bar or by a local bar associati... pursuant to rules of procedure approved by the board of trustees, an arbitrator or mediator, as well as the arbit... association and its directors, officers, and employees, shall have the same immunity which attaches in judicial ... proceedings.

(g) In the conduct of arbitrations under this article the arbitrator or arbitrators may do all of the following:

(1) Take and hear evidence pertaining to the proceeding.

(2) Administer oaths and affirmations.

(3) Issue subpoenas for the attendance of witnesses and the production of books, papers, and documents perta the proceeding.

(h) Participation in mediation is a voluntary consensual process, based on direct negotiations between the attor his or her client, and is an extension of the negotiated settlement process. All discussions and offers of settleme confidential and shall not be disclosed pursuant to any state law, including, but not limited to, the California Pub Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code), an not be disclosed in any subsequent arbitration or other proceedings.

*(Amended by Stats. 2018, Ch. 659, Sec. 138. (AB 3249) Effective January 1, 2019.)*

**6201.** (a) The rules adopted by the board of trustees shall provide that an attorney shall forward a written notic client prior to or at the time of service of summons or claim in an action against the client, or prior to or at the commencement of any other proceeding against the client under a contract between attorney and client which for an alternative to arbitration under this article, for recovery of fees, costs, or both. The written notice shall be form that the board of trustees prescribes, and shall include a statement of the client's right to arbitration unde article. Failure to give this notice shall be a ground for the dismissal of the action or other proceeding. The notic not be required, however, prior to initiating mediation of the dispute.

The rules adopted by the board of trustees shall provide that the client's failure to request arbitration within 30 after receipt of notice from the attorney shall be deemed a waiver of the client's right to arbitration under the provisions of this article.

(b) If an attorney, or the attorney's assignee, commences an action in any court or any other proceeding and th is entitled to maintain arbitration under this article, and the dispute is not one to which subdivision (b) of Sectio applies, the client may stay the action or other proceeding by serving and filing a request for arbitration in acco with the rules established by the board of trustees pursuant to subdivision (a) of Section 6200. The request for arbitration shall be served and filed prior to the filing of an answer in the action or equivalent response in the ot proceeding; failure to so request arbitration prior to the filing of an answer or equivalent response shall be deen waiver of the client's right to arbitration under the provisions of this article if notice of the client's right to arbitr was given pursuant to subdivision (a).

(c) Upon filing and service of the request for arbitration, the action or other proceeding shall be automatically s until the award of the arbitrators is issued or the arbitration is otherwise terminated. The stay may be vacated i or in part, after a hearing duly noticed by any party or the court, if and to the extent the court finds that the ma not appropriate for arbitration under the provisions of this article. The action or other proceeding may thereafte proceed subject to the provisions of Section 6204.

(d) A client's right to request or maintain arbitration under the provisions of this article is waived by the client commencing an action or filing any pleading seeking either of the following:

(1) Judicial resolution of a fee dispute to which this article applies.

(2) Affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professic misconduct.

(e) If the client waives the right to arbitration under this article, the parties may stipulate to set aside the waive to proceed with arbitration.

*(Amended by Stats. 2011, Ch. 417, Sec. 56. (SB 163) Effective January 1, 2012.)*

**6202.** The provisions of Article 3 (commencing with Section 950) of Chapter 4 of Division 8 of the Evidence Cod not prohibit the disclosure of any relevant communication, nor shall the provisions of Chapter 4 (commencing w Section 2018.010) of Title 4 of Part 4 of the Code of Civil Procedure be construed to prohibit the disclosure of ar relevant work product of the attorney in connection with: (a) an arbitration hearing or mediation pursuant to th article; (b) a trial after arbitration; or (c) judicial confirmation, correction, or vacation of an arbitration award. I event shall such disclosure be deemed a waiver of the confidential character of such matters for any other purp

*(Amended by Stats. 2004, Ch. 182, Sec. 1. Effective January 1, 2005. Operative July 1, 2005, by Sec. 64 of Ch. 182.)*

**6203.** (a) The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determ all the questions submitted to the arbitrators, the decision of which is necessary in order to determine the controversy. The award shall not include any award to either party for costs or attorney's fees incurred in prepa for or in the course of the fee arbitration proceeding, notwithstanding any contract between the parties providin such an award or costs or attorney's fees. However, the filing fee paid may be allocated between the parties by arbitrators. This section shall not preclude an award of costs or attorney's fees to either party by a court pursua subdivision (c) of this section or of subdivision (d) of Section 6204. The State Bar, or the local bar association delegated by the State Bar to conduct the arbitration, shall deliver to each of the parties with the award, an orig declaration of service of the award.

Evidence relating to claims of malpractice and professional misconduct, shall be admissible only to the extent th those claims bear upon the fees, costs, or both, to which the attorney is entitled. The arbitrators shall not award affirmative relief, in the form of damages or offset or otherwise, for injuries underlying the claim. Nothing in this section shall be construed to prevent the arbitrators from awarding the client a refund of unearned fees, costs, previously paid to the attorney.

(b) Even if the parties to the arbitration have not agreed in writing to be bound, the arbitration award shall beco binding upon the passage of 30 days after service of notice of the award, unless a party has, within the 30 days sought a trial after arbitration pursuant to Section 6204. If an action has previously been filed in any court, any petition to confirm, correct, or vacate the award shall be to the court in which the action is pending, and may be served by mail on any party who has appeared, as provided in Chapter 4 (commencing with Section 1003) of Ti of Part 2 of the Code of Civil Procedure; otherwise it shall be in the same manner as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure. If no action is pending in an the award may be confirmed, corrected, or vacated by petition to the court having jurisdiction over the amount arbitration award, but otherwise in the same manner as provided in Chapter 4 (commencing with Section 1285) 9 of Part 3 of the Code of Civil Procedure.

(c) Neither party to the arbitration may recover costs or attorney's fees incurred in preparation for or in the cou the fee arbitration proceeding with the exception of the filing fee paid pursuant to subdivision (a) of this section However, a court confirming, correcting, or vacating an award under this section may award to the prevailing pa reasonable fees and costs incurred in obtaining confirmation, correction, or vacation of the award including, if applicable, fees and costs on appeal. The party obtaining judgment confirming, correcting, or vacating the awar be the prevailing party except that, without regard to consideration of who the prevailing party may be, if a par not appear at the arbitration hearing in the manner provided by the rules adopted by the board of trustees, tha shall not be entitled to attorney's fees or costs upon confirmation, correction, or vacation of the award.

(d) (1) In any matter arbitrated under this article in which the award is binding or has become binding by opera law or has become a judgment either after confirmation under subdivision (c) or after a trial after arbitration un Section 6204, or in any matter mediated under this article, if: (A) the award, judgment, or agreement reached mediation includes a refund of fees or costs, or both, to the client and (B) the attorney has not complied with th award, judgment, or agreement the State Bar shall enforce the award, judgment, or agreement by placing the attorney on involuntary inactive status until the refund has been paid.

(2) The State Bar shall provide for an administrative procedure to determine whether an award, judgment, or agreement should be enforced pursuant to this subdivision. An award, judgment, or agreement shall be so enfo

(A) The State Bar shows that the attorney has failed to comply with a binding fee arbitration award, judgment, agreement rendered pursuant to this article.

(B) The attorney has not proposed a payment plan acceptable to the client or the State Bar.

However, the award, judgment, or agreement shall not be so enforced if the attorney has demonstrated that he (i) is not personally responsible for making or ensuring payment of the refund, or (ii) is unable to pay the refun

(3) An attorney who has failed to comply with a binding award, judgment, or agreement shall pay administrativ penalties or reasonable costs, or both, as directed by the State Bar. Penalties imposed shall not exceed 20 perce the amount to be refunded to the client or one thousand dollars ($1,000), whichever is greater. Any penalties o or both, that are not paid shall be added to the license fee of the attorney for the next calendar year.

(4) The board shall terminate the inactive enrollment upon proof that the attorney has complied with the award judgment, or agreement and upon payment of any costs or penalties, or both, assessed as a result of the attorn

failure to comply.

(5) A request for enforcement under this subdivision shall be made within four years from the date (A) the arbit award was mailed, (B) the judgment was entered, or (C) the date the agreement was signed. In an arbitrated n however, in no event shall a request be made prior to 100 days from the date of the service of a signed copy of award. In cases where the award is appealed, a request shall not be made prior to 100 days from the date the a has become final as set forth in this section.

*(Amended by Stats. 2018, Ch. 659, Sec. 139. (AB 3249) Effective January 1, 2019.)*

**6204.** (a) The parties may agree in writing to be bound by the award of arbitrators appointed pursuant to this a any time after the dispute over fees, costs, or both, has arisen. In the absence of such an agreement, either pa be entitled to a trial after arbitration if sought within 30 days, pursuant to subdivisions (b) and (c), except that party willfully fails to appear at the arbitration hearing in the manner provided by the rules adopted by the boar trustees, that party shall not be entitled to a trial after arbitration. The determination of willfulness shall be mac the court. The party who failed to appear at the arbitration shall have the burden of proving that the failure to a was not willful. In making its determination, the court may consider any findings made by the arbitrators on the subject of a party's failure to appear.

(b) If there is an action pending, the trial after arbitration shall be initiated by filing a rejection of arbitration aw request for trial after arbitration in that action within 30 days after service of notice of the award. If the rejectio arbitration award has been filed by the plaintiff in the pending action, all defendants shall file a responsive plead within 30 days following service upon the defendant of the rejection of arbitration award and request for trial af arbitration. If the rejection of arbitration award has been filed by the defendant in the pending action, all defenc shall file a responsive pleading within 30 days after the filing of the rejection of arbitration award and request fc after arbitration. Service may be made by mail on any party who has appeared; otherwise service shall be made manner provided in Chapter 4 (commencing with Section 413.10) of Title 5 of Part 2 of the Code of Civil Proced Upon service and filing of the rejection of arbitration award, any stay entered pursuant to Section 6201 shall be vacated, without the necessity of a court order.

(c) If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award. the filing of such an action, the action shall proceed in accordance with the provisions of Part 2 (commencing wi Section 307) of the Code of Civil Procedure, concerning civil actions generally.

(d) The party seeking a trial after arbitration shall be the prevailing party if that party obtains a judgment more favorable than that provided by the arbitration award, and in all other cases the other party shall be the prevaili party. The prevailing party may, in the discretion of the court, be entitled to an allowance for reasonable attorne and costs incurred in the trial after arbitration, which allowance shall be fixed by the court. In fixing the attorne fees, the court shall consider the award and determinations of the arbitrators, in addition to any other relevant evidence.

(e) Except as provided in this section, the award and determinations of the arbitrators shall not be admissible n operate as collateral estoppel or res judicata in any action or proceeding.

*(Amended by Stats. 2011, Ch. 417, Sec. 58. (SB 163) Effective January 1, 2012.)*

**6204.5.** (a) The State Bar shall provide by rule for an appropriate procedure to disqualify an arbitrator or media upon request of either party.

(b) The State Bar, or the local bar association delegated by the State Bar to conduct the arbitration, shall delive notice to the parties advising them of their rights to judicial relief subsequent to the arbitration proceeding.

*(Amended by Stats. 1996, Ch. 1104, Sec. 17. Effective January 1, 1997.)*

**6206.** The time for filing a civil action seeking judicial resolution of a dispute subject to arbitration under this ar shall be tolled from the time an arbitration is initiated in accordance with the rules adopted by the board of trus until (a) 30 days after receipt of notice of the award of the arbitrators, or (b) receipt of notice that the arbitratic otherwise terminated, whichever comes first. Arbitration shall not be commenced under this article if a civil acti requesting the same relief would be barred by Title 2 (commencing with Section 312) of Part 2 of the Code of C

Procedure; provided that this limitation shall not apply to a request for arbitration by a client, pursuant to subdi (b) of Section 6201, following the commencement of an action in any court or any other proceeding by the atto

*(Amended by Stats. 2019, Ch. 13, Sec. 1. (AB 692) Effective January 1, 2020.)*