# EXHIBIT 2



**The State Bar of California**

180 Howard Street, San Francisco, CA 94105

**MANDATORY FEE ARBITRATION PROGRAM**

elizabeth.lew@calbar.ca.gov
415-538-2008

January 23, 2020

Kevin Khwaja
Isha Deen
315 S. Coast Hwy 101, U125
Encinitas, CA 92024

Eoin Kreditor, Esq.
c/o Maria M. Rullo, Esq.
Fitzgerald Yap Kreditor LLP
2 Park Plaza, Suite 850
Irvine, CA 92614

RE:   Request for Arbitration of a Fee Dispute
      Khwaja & Deen v. Kreditor, State Bar Case No.: 19-A-017

Dear Parties:

Please find the Presiding Arbitrator's Order on Request for State Bar Mandatory Fee Arbitration Program Jurisdiction enclosed. As the Presiding Arbitrator's Order as declined State Bar jurisdiction in this case, our file is now closed.

Should you have any questions regarding this case you may contact me at (415) 538-2008.

Sincerely,

Elizabeth Lew
Sr. Program Analyst

Enclosure

```
 1  KENNETH E. BACON
    Presiding Arbitrator
 2  180 Howard Street, 8th Floor
    San Francisco, CA 94105
 3  Telephone: (415) 538-2008
 4
    Mandatory Fee Arbitration Program of
 5  The State Bar of California
```

FILED
JAN 23 2020
Mandatory Fee Arbitration
The State Bar of California

## STATE BAR OF CALIFORNIA

## MANDATORY FEE ARBITRATION

| IN THE MATTER OF | Case No. 19-A-017 |
|---|---|
| KEVIN KHWAJA and ISHA DEAN | **ORDER DENYING REQUEST FOR STATE BAR MANDATORY FEE ARBITRATION PROGRAM JURISDICTION** |
| Petitioners/Clients, | |
| -and- | |
| EOIN L. KREDITOR and FITZGERALD YAP KREDITOR LLP | |
| Respondents/Attorneys | |

In November 2017 Petitioners KEVIN KHWAJA and ISHA DEEN (Clients) filed a Request for Arbitration of a Fee Dispute (Request) with the San Diego County Bar Association Mandatory Fee Arbitration Program ("SDCBA") against their former attorneys EION J. KREDITOR and FITZGERALD YAP KREDITOR, LLP (Attorneys).

A panel of arbitrators was assigned by the SDCBA and an arbitration hearing was conducted on January 1, 2019. At the conclusion of the hearing, the Panel set deadlines for the parties to review exhibits and submit closing briefs. Attorneys submitted a closing brief, but Clients submitted objections regarding the hearing and a request for new hearing to the SDCBA.

In February 2019, the SDCBA issued a "Letter Opinion" stating that Clients could file their closing brief by a specified date or apply for removal to the State Bar. On March 11, 2019, Clients filed their Request for Arbitration with the State Bar Mandatory Fee Arbitration Program along with a Request for Removal wherein they assert alleged bias by the Panel Chair and other alleged errors or conduct regarding the arbitration hearing.

On April 2, 2019, Attorneys submitted their Objection to Removing Fee Dispute to the State Bar of California. In their objections, Attorneys assert that Client waived their right to request or maintain fee arbitration by filing a complaint for malpractice against attorneys on September 28, 2018 (Orange County Superior Court Case No. 30-2018-01022313). Attorneys also dispute Clients' allegations regarding the conduct of the arbitration hearing and contend that Clients received a fair hearing through the SDCBA and that removal to the State Bar and having another hearing of the fee dispute would cause undue hardship and unnecessary expense.

The materials submitted to the Presiding Arbitrator reflect that ISHA DEEN filed a Petition for Chapter 13 Bankruptcy (S.D. Bankruptcy Court Case No. 19-05815-CL13) and that she filed Petition for Removal of the State Court malpractice action to the Bankruptcy Court. The Removal Action has been assigned Adversary Case No. 19090150-CL.

Clients' request for State Bar jurisdiction has been referred for consideration to the Presiding Arbitrator pursuant to Rule 3.506 of Title 3, Div. 4, Chapter 2, Rules of the State Bar of California pertaining to Mandatory Fee Arbitration (State Bar Rules).

The Presiding Arbitrator makes the following findings and order:

State Bar jurisdiction over an MFA matter is not automatic. Rather, pursuant to the authorization of Business & Professions Code § 6200(d), the State Bar Progam, with the approval of the Board of Trustees, has delegated the large majority of fee arbitrations to approved programs sponsored by local bar associations. State Bar Rule 3.506 provides that an arbitration within the jurisdiction of a local bar program may be removed to the State Bar when a party seeking removal establishes in a declaration under penalty of perjury a factual basis for removal and the presiding arbitrator determines that there is good cause for the State Bar to arbitrate the dispute.

The Presiding Arbitrator notes that there are conflicting arguments whether there is good cause to remove the case to the State Bar. However, the Presiding Arbitrator need not, and does not, decide whether there is good cause for removal as the State Bar cannot exercise jurisdiction over this case since Clients have waived their right to maintain mandatory fee. Business & Professions Code §6201(d) provides that a client's right to request or maintain arbitration under the Mandatory Fee Arbitration Act ("MFAA") is waived by the client commencing an action or filing

any pleading seeking judicial resolution of the fees/costs dispute or affirmative relief against the attorney for damages, "or otherwise based upon alleged malpractice or professional misconduct." State Bar Rules of Procedure for Mandatory Fee Arbitration, Rule 3.502(A)(2) likewise provides that a client's right to request or maintain fee arbitration is waived if the client "commences a legal action or files a pleading seeking either of the following: (a) judicial resolution of a fee dispute subject to arbitration; or (b) affirmative relief against an attorney for alleged malpractice or professional misconduct." (See also, *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 989; *Fagelbaum & Heller LLP v. Smylie* (2009) 174 Cal.App.4th 1351, 1362 [waiver by asserting malpractice and requesting affirmative relief in cross-demand filed in "standard" contractual arbitration]; *Philipson & Simon v. Gulsvig* (2007) 154 Cal.App.4th 347, 366 [waiver by filing cross-complaint against law firm].) A client also waives the right to maintain a fee arbitration under the MFAA by filing a lawsuit against his or her attorney before completing a State Bar fee arbitration. [*Liska v. Arns Law Firm* (2004) 117 Cal.App.4th 275, 283 ["If the client should commence litigation against the attorney prior to the completion of the arbitration, the right to continue with the arbitration is lost."]; *Juodakis v. Wolfrum* (1986) 177 Cal.App.3d 587, 591-593 [Client waived right to arbitration of fee dispute with counsel where prior to announcement of arbitration award client filed a complaint against the attorney, charging negligence, intentional tort and breach of contract all arising out of relationship based on the retainer agreement that was subject of the arbitration].)

Here, Clients filed a Complaint for Malpractice against Attorneys on September 28, 2018, prior to the arbitration hearing before the SDCBA. By doing so, Clients waived their right to request or maintain mandatory fee arbitration, so the State Bar may not exercise removal jurisdiction of the case at this time in the absence of a stipulation between the parties to set aside the waiver pursuant to Business & Professions Code §6201(e). Attorneys have declined to stipulate to set aside the waiver. Accordingly, Clients' request for State Bar MFA Program jurisdiction over this fee dispute is DENIED.

DATED: January 23, 2019

KENNETH BACON, Presiding Arbitrator

# PROOF OF SERVICE

I am a citizen of the United States and an employee in the City and County of San Francisco, State of California. I am over the age of eighteen (18) and I am not a party to the within action. My business address is: State Bar of California, 180 Howard Street, 6th Floor, San Francisco, California 94105-1639.

On **January 23, 2020** I served the following documents for **Case No. : 19-A-017**

1. Order Denying Request for State Bar Mandatory fee Arbitration Program Jurisdiction

on the parties in this action in this action, by causing to be placed a true copy thereof, in a sealed envelope for collection and mailing at this office, in San Francisco, California, following our ordinary business practices, addressed to:

**Kevin Khwaja**
**Isha Deen**
**315 S. Coast Hwy 101, U125**
**Encinitas, CA 92024**

and

**Eoin Kreditor, Esq.**
**c/o Maria Rullo, Esq.**
**FitzGerald Yap Kreditor, LLP**
**2 Park Plz, Ste. 850**
**Irvine, CA 92614-2521**

[X]   by United States Postal Service first class mail and placed the envelope for collection and mailing at this office, in San Francisco, California, following our ordinary business practices.

I am readily familiar with the practices of this office in the collection and processing of mail. On the same day that the envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California, on January 23, 2020.

Elizabeth A. Lew